UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK GORGE
d/b/a MARK GORGE AND ASSOCIATES,

Plaintiff,

v.

RAPID ADVANCE, LLC, a Maryland limited liability company, and RAPID FINANCIAL SERVICES, LLC, a Delaware limited liability company,

Defendants,

and

RAPID ADVANCE, LLC, a Maryland limited liability company,

Defendant/Counter-Plaintiff,

v.

MARK GORGE
d/b/a MARK GORGE AND ASSOCIATES,

Plaintiff/Counter-Defendant.

Case No. _____

Hon. _____

Oakland County Circuit Court
Case No. 09-102673-CK

---

### NOTICE OF REMOVAL

Without waiving any of its rights or defenses, including but not limited to lack of personal jurisdiction, Defendant Rapid Financial Services, LLC ("Rapid Financial"), with the consent of Defendant Rapid Advance, LLC ("Rapid Advance"), removes the action styled *Gorge v. Rapid Advance, LLC et al.*, Case No. 09-102673-CK, from the 14th Judicial Circuit for the

County of Oakland, Michigan, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this notice, Rapid Financial states:

### BACKGROUND

1. This is a dispute about sales commissions in which Plaintiff claims he is owed commissions for work done *by someone else after* Plaintiff's own contract was terminated.

2. Rapid Advance is a Maryland limited liability company that provides alternative financing to small businesses nationwide.

3. Part of Rapid Advance's business model involves purchasing future credit card receivables from businesses that accept payment by credit card. To generate new customers, Rapid Advance engages various individuals and entities to market its services to potential customers.

4. In and around June of 2006, Plaintiff held himself out to Rapid Advance as an expert in, among other things, development and negotiation of banking services and other processes to advance Rapid Advance's business.

5. As a result of Plaintiff's representations, on June 12, 2006, Plaintiff and Rapid Advance entered into a Service Agreement ("the Agreement"). Pursuant to the Agreement, Plaintiff was obligated to provide certain services to Rapid Advance, including consulting with Rapid Advance in setting up certain banking services, providing operational consulting, and marketing Rapid Advance's services to potential new customers.

6. The Agreement provided that Plaintiff would be compensated in the form of "2% of all net revenue (gross revenue less 2% share of bad debts) generated as a result of Mark Gorge and Associates [*sic*] efforts in marketing Rapid Advance's services to sales organizations."

2

7. After entering into the Agreement, Plaintiff made only minimal efforts to market Rapid Advance's services. In fact, Plaintiff's efforts generated only a few new sales partners for Rapid Advance.

8. As the parties' relationship progressed, it became apparent to Rapid Advance that, despite his representations, Plaintiff did not have the skills or expertise necessary to properly perform his obligations under the Agreement, and he provided little or no value in terms of consulting services to Rapid Advance. Accordingly, the Agreement was terminated.

9. In total, Rapid Advance paid Plaintiff approximately $50,000, under the Agreement. Due to an accounting error, Plaintiff received additional commissions that were far in excess of those expressly provided for under the Agreement. Plaintiff has not returned the excess funds.

10. Nevertheless, Plaintiff contends that Rapid Advance owes him substantial additional commissions under the Agreement. On or about July 30, 2009, Plaintiff commenced a civil action against Rapid Advance in the 14th Judicial Circuit for the County of Oakland, State of Michigan (Case No. 10-106807-CD). Rapid Financial was not originally a party to this action.

11. Ignoring the plain language of the Agreement, Plaintiff seeks to benefit financially from the efforts of a Mr. Ed Puerto to collect commissions based on work that Mr. Puerto—and not Plaintiff—conducted. Although Plaintiff did not do any of the work, and despite the plain language of the Agreement, Plaintiff claims he is entitled to post-termination commissions based on revenue that *Mr. Puerto* allegedly generated for Rapid Advance *after* Plaintiff's contract was terminated.

12. Rapid Advance filed its Verified Answer to Plaintiff's Complaint, Affirmative Defenses, and Counter-Complaint on September 30, 2009. Rapid Advance's counter claim seeks reimbursement for excessive funds paid to Plaintiff over the course of the parties' relationship.

13. Following several months of discovery, Plaintiff filed his First Amended Complaint on March 17, 2010. A copy of the Summons and Amended Complaint is attached as **Exhibit A**. In his Amended Complaint, Plaintiff alleges that Rapid Financial is liable as a successor in interest to Rapid Advance due to an asset purchase transaction between Rapid Advance and Rapid Financial in January of 2010. *See* Am. Compl. at ¶¶ 5, 25.

14. On March 22, 2010, Plaintiff served Rapid Financial with a Summons and a copy of the First Amended Complaint. These are the only pleadings served upon Rapid Financial to date.

### SUBSTANTIVE GROUNDS FOR REMOVAL – 28 U.S.C. § 1332(a)

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

16. Plaintiff is a citizen of the State of Michigan residing and conducting business at 4489 S. Willoway Estates Court, Bloomfield, Michigan 48302. *See* Am. Compl. Ex 1 at 1.

17. Rapid Advance is a Maryland limited liability company with its principal place of business in Maryland. *See* Am. Compl. at ¶ 1.

18. Rapid Financial is a Delaware limited liability company with its principal place of business in Maryland. *See id.* at ¶ 2.

19. Complete diversity exists in this case.

20. The jurisdictional minimum is also satisfied. The amount in controversy in this matter exceeds $75,000, exclusive of interest, costs and attorney fees, based on the Amended Complaint's allegations and prayer for relief. Plaintiff initially alleges that "the amount in

4

controversy *exceeds* $25,000." *See id.* at ¶ 3 (emphasis added). He also alleges that Rapid Advance "has earned *millions* of dollars in gross revenues for which [Plaintiff] is due commissions." *Id.* at ¶ 28 (emphasis added). Finally, Plaintiff contends that "[o]n an accounting by the Defendant [*sic*], there will be found due to Plaintiff from the Defendants *several hundreds of thousands of dollars* in commissions . . ." *Id.* at ¶ 39 (emphasis added).

21. Because this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, this court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

22. Venue is also proper in this Court. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Since Plaintiff brought his claim against Rapid Advance and Rapid Financial in the Circuit Court of Oakland County, State of Michigan, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

### PROCEDURAL REQUIREMENTS FOR REMOVAL

23. Plaintiff served Rapid Financial on March 22, 2010. Hence, this Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), as it is being filed with this Court within thirty (30) days after receipt of the Amended Complaint by Rapid Financial. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, . . . but not by mere receipt of the complaint unattended by any formal service."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) ("a

5

later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.").

24. Defendant Rapid Advance consents to this removal. A copy of Rapid Advance's Consent to Removal is attached as **Exhibit B**.

25. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and filed with the Clerk of Court for the Circuit Court for Oakland County, State of Michigan, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C**.

26. The only process served upon Rapid Financial in this matter are the Summons and Amended Complaint. *See* Ex. A. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Rapid Advance in this action is attached as **Exhibit D**.[1]

Respectfully submitted,

VARNUM
Attorneys for Rapid Financial Services, LLC

Date: April 13, 2010

By: /s/ Steven T. Buquicchio
William E. Rohn (P33255)
Steven T. Buquicchio (P62076)
Timothy P. Monsma (P72245)
Business Address and Telephone:
Bridgewater Place, P. O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

---

[1] For the Court's convenience, a copy of Rapid Advance's responses, together with an index, is also included as part of Exhibit D.

## CERTIFICATE OF SERVICE

The undersigned states that he served a copy of Notice of Removal upon the following individual:

Gary D. Nitzkin (P41155)
NITZKIN & ASSOCIATES
22142 West Nine Mile Road
Southfield, MI 48034

via e-mail to **gnitzkin@creditor-law.com.**

                                       /s/ Steven T. Buquicchio
                                       William E. Rohn (P33255)
                                       Steven T. Buquicchio (P62076)
                                       Timothy P. Monsma (P72245)
                         Business Address and Telephone:
                               Bridgewater Place, P. O. Box 352
                               Grand Rapids, MI 49501-0352
                               (616) 336-6000

3331478_1.DOC