EXHIBIT  A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff |
|---|---|---|

**STATE OF MICHIGAN**
JUDICIAL DISTRICT
**6TH JUDICIAL CIRCUIT**
COUNTY PROBATE

First Amended
**SUMMONS AND COMPLAINT**

OAKLAND COUNTY **09-102673-CK**

JUDGE MARK A. GOLDSMITH
GORGE, MARK v RAPID ADVANCE

no.

**Court address**
1200 N. Telegraph Road.        PONTIAC    MI      48341-0404

Plaintiff's name(s), address(es), and telephone no(s).
MARK GORGE
c/o Nitzkin & Associates
Southfield, MI 48033

v

Defendant's name(s), address(es), and telephone no(s).
RAPID ADVANCE, LLC and
RAPID FINANCIAL SERVICES d/b/a RAPID ADVANCE
RA: Bethesda Service Co. Inc.
4416 East West Highway - Suite 400
Bethesda, MD  20814

jointly & severally

Plaintiff's attorney, bar no., address, and telephone no.
Gary D. Nitzkin P 41155
LAW OFFICES OF NITZKIN & ASSOCIATES
22142 W. Nine Mile Road
Southfield, MI 48033
(248) 353-2882

**SUMMONS**    **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**    *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Oakland, Cty | Defendant(s) residence (include city, township, or village)<br>Oakland, Cty |
|---|---|
| Place where action arose or business conducted<br>Oakland, Cty | |

03/17/2010
_____
Date

/s/ Gary D. Nitzkin
Signature of attorney/plaintiff Gary D. Nitzkin P 41155

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)
19041

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

MARK GORGE
d/b/a MARK GORGE AND ASSOCIATES,
     Plaintiff,

v.

RAPID ADVANCE LLC,
a Maryland limited liability company,
and
RAPID FINANCIAL SERVICES,
a Delaware corporation, d/b/a RAPID ADVANCE,
jointly and severally,
     Defendants,
and

RAPID ADVANCE LLC,
a Maryland limited liability company,
     Defendant/Counter-Plaintiff

v.

MARK GORGE,
     Plaintiff/Counter-Defendant.

OAKLAND COUNTY **09-102673-CK**

JUDGE MARK A. GOLDSMITH
GORGE,MARK  v  RAPID ADVANCE

_____/

| | |
|---|---|
| GARY D. NITZKIN  P41155 | WILLIAM E. ROHN P33255 |
| NITZKIN & ASSOCIATES | STEVEN T. BUQUICCHIO P62076 |
| Attorneys for Plaintiff/Counter-Defendant | TIMOTHY MONSMA P72245 |
| 22142 West Nine Mile Road | VARNUM |
| Southfield, MI 48034 | Attorneys for Defendant/Counter-Plaintiff |
| (248) 353-2882 | Bridgewater Place, P.O Box 352 |
| Fax (248) 353-4840 | Grand Rapids, MI 49501-0352 |
| Email – gnitzkin@creditor-law.com | (616) 336-6491 |

_____/

## PLAINTIFF/COUNTER-DEFENDANT'S FIRST AMENDED COMPLAINT

**NOW COMES THE PLAINTIFF/COUNTER-DEFENDANT,** through counsel,

Nitzkin & Associates, by Gary D. Nitzkin, and for his First Amended Complaint against the

Defendants, plead as follows:

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

1. Defendant Rapid Advance, LLC ("RALLC") is a foreign limited liability company.

2. Defendant Rapid Financial Services, LLC is a Delaware corporation doing business as Rapid Advance.

3. The amount in controversy exceeds $25,000 exclusive of costs, interest and attorneys' fees.

4. Pursuant to the contract ("the Contract") between the Plaintiff and Defendant RALLC, venue is proper in this court (Exhibit 1 – paragraph 21).

5. Upon information and belief, RALLC has transferred financial assets to the co-Defendant Rapid Financial Services ("RFS") which assets include credit card sales that are being made in Michigan.

6. This court may take jurisdiction over RFS pursuant to MCL 600.715 due to the transactions and business that RFS conducts in Michigan.

## GENERAL ALLEGATIONS

7. Plaintiff is an individual with certain expertise in areas of Payments processing, Sales and Marketing of Payments Technology, Banking Technology and then business factoring and financing.

8. At all relevant times, RALLC was in the business of purchasing future credit card payments from its merchant customers, at a discount.

9. Rapid Advance LLC's gross revenue was derived from the collection of the credit card sales that it purchased from its merchant customers.

2

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

10. On or about June 16, 2006, the Plaintiff entered into a written contract ("the Contract" – Exhibit 1) with Rapid Advance, LLC wherein Plaintiff agreed to render the following services to Defendant for which the Defendant promised to pay the Plaintiff as follows:

   a.  RALLC promised to pay an hourly fee of $125 to the Plaintiff for all consulting services that the Plaintiff provided to RALLC;

   b.  RALLC also promised to pay a fee of "2% of Net Revenue" generated as a result of Plaintiff's efforts in marketing RALLC's services to sales organizations and sales people (collectively "Sales Channels") who, in turn, would sell RALLC's financing product to other merchants;

   c.  RALLC also promised to pay a separate but undefined fee to the Plaintiff for all merchants that sold future credit card sales to it as a result of Plaintiff's personal efforts (Exhibit 1).

11. Pursuant to the Contract, Plaintiff rendered consulting services to RALLC for which it paid the Plaintiff.

12. On or around September of 2006, Mr. Gorge learned that a colleague of his in the industry, Mr. Edward Puerto, controlled a number of Sales Channels that were interested in selling product for RALLC.

13. Mr. Gorge informed Jeremy Brown, the president and chief executive officer of RALLC, of Mr. Puerto and his stable of Sales Channels who stood ready to sell product on behalf of RALLC.

14. After learning that Mr. Puerto and his Sales Channels would be able to provide tremendous benefit to RALLC, Mr. Gorge introduced Mr. Puerto to Mr. Brown.

3

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

15. On October 9, 2006, Mr. Puerto executed a contract with RALLC in which the latter promises to pay Mr. Puerto a commission of 1% of all future credit card sales that RALLC purchased due to Mr. Puerto's Sales Channels ("Puerto Sales Channels" - Exhibit 2).

16. Shortly thereafter, the Puerto Sales Channels began selling RALLC's product to merchants.

17. The Puerto Sales Channels include the following individuals and organizations known by the following names and/or acronyms:

    a.  Edward Puerto

    b.  BPS

    c.  Merchant Advisors

    d.  Metro Merchant Associates

    e.  Pay One Solutions

    f.  FSB

    g.  Premier Business Funding

    h.  Summit Funding

    i.  Emerge

    j.  Chett Stein

    k.  Craig LeBaron

18. All of the Puerto Sales Channels generated Gross Revenue to the Defendant.

19. In response to the sales produced by the Puerto Sales Channels on behalf of RALLC, RALLC issued commission statements and payments to Mr. Puerto (Exhibit 3) and to Mr. Gorge (Exhibit 4).

20. While RALLC's commission statements and payments to Mr. Puerto comported with his contract with RALLC, the commission statements issued to Mr. Gorge did not.

21. On January 25, 2007, Mr. Puerto sent an email to Mr. Brown, complaining that the commission structure between RALLC and Mr. Gorge (Exhibit 5).

22. On February 16, 2010, Mr. Brown gave a deposition in this case in which he stated that in connection with Mr. Puerto's email of January 25, 2007, he had complained to Mr. Brown that the commission structure between the Plaintiff and RALLC was interfering Mr. Puerto's ability to send more business to RALLC (Exhibit 6 – pp 107-109).

23. On June 15, 2007, Mr. Brown asked Mr. Gorge to agree to terminate the Contract as Mr. Brown wanted to cap the fees RALLC paid to Mr. Gorge at $50,000 and recharacterize them as a finder's fees instead of commissions.  Mr. Gorge refused this offer.

24. Mr. Brown, on behalf of RALLC, unilaterally decided to cease paying commissions to the Plaintiff on the Puerto Sales Channels after May of 2007, breaching the contract between the Plaintiff and RALLC.

25. RALLC and its successor in interest, co-defendant Rapid Financial Services, LLC ("RFSLLC") continue to pay commissions on the Puerto Sales Channels to Mr. Puerto (Exhibit 6 – pp 90).

26. RALLC has continued to do business with the Puerto Sales Channels subsequent to May of 2007 and has paid commissions to Mr. Puerto for these sales as well, all the while, failing and refusing to pay Mr. Gorge the commissions due him.

5

27. RALLC has earned millions of dollars in gross revenues for which Mr. Gorge is due commissions.

28. Mr. Gorge has and remains the procuring cause and for which the Defendants owes the Plaintiff commissions.

29. Rapid Advance continues to conduct business with these sales channels, continues to renew advances to the merchants that were procured through Plaintiff's efforts and the Puerto Sales Channels.

30. The Contract provides that in the event of litigation to enforce any provision of the Contract, that the losing party shall pay all costs of the action, including reasonable attorneys' fees to the prevailing party.

31. On February 11, 2010, Jeremy Brown gave a deposition in this case in which he stated that RALLC transferred all of its assets to RFSLLC (Exhibit 6 – pp 13-14).

32. Mr. Brown is the Chief Executive Office Officer of RFSLLC (Exhibit 6 – pp 14).

33. RFSLLC does business under the trade name Rapid Advance (Exhibit 6 – pp 13).

34. He also testified that RFSLLC continues to do business and pay commissions to Mr. Puerto based upon the Puerto Sales Channels Exhibit 6 – pp 90, 91).

35. RFSLLC has been unjustly enriched by the Plaintiff's efforts is liable to the Plaintiff for the commissions based upon the Puerto Sales Channels.


## COUNT I – ACCOUNTING

36. Plaintiff realleges all of the above paragraphs as if recited verbatim.

37. The Contract requires RALLC to pay the Plaintiff a commission of 2% of net Revenue on all sales generated by the Puerto Sales Channels.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

38. RALLC has made partial payments to the Plaintiff based upon the Puerto Sales Channels but has failed to remit the majority of the money based upon the Contract that RALLC owes to Mr. Gorge.

39. On an accounting by the Defendant, there will be found due to Plaintiff from the Defendants several hundreds of thousands of dollars in commissions, the amount of which is not known to Plaintiff.

40. Prior to the commencement of this action Plaintiff demanded of RALLC that it account for the Plaintiff's commissions but RALLC has failed and refused to do so and has never rendered any such accounting.

41. The accountings to be produced by the defendant are also complicated as they involve calculations based upon Gross Revenues and "bad debts", a term that is not defined anywhere in the Contact or in the relationship between the parties. Moreover, the accounts involved in this case are numerous.

42. Plaintiff does not have an adequate remedy at law to show the amount of commissions that RALLC owes to the Plaintiff.


**WHEREFORE, PLAINTIFF PRAYS THAT** this court:

a. Order both Defendants to account for all Gross Revenues generated by Gorge, Edward Puerto and the Puerto Sales Channels, including all gross revenues generated from the initial funding and any renewal of any sales or income generated by all of those sales channels;

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

7

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

b. Order both Defendants to account for all "bad debts" and provide a definition of that term in conjunction with the accounting for such "bad debts";

c. Enter a judgment in favor of the Plaintiff against both Defendants for all commissions due to Plaintiff, plus costs, interest and contractual and/or statutory attorneys' fees.

## COUNT II – BREACH OF CONTRACT – RAPID ADVANCE LLC

43. Plaintiff realleges all of the above paragraphs as if recited verbatim.

44. The Plaintiff produced the Puerto Sales Channels to RALLC pursuant to the Contract.

45. RALLC had paid some commissions to the Plaintiff on account of the Puerto Sales Channels, pursuant to the Contract, but has failed to pay over all such commissions it owes to the Plaintiff.

46. RALLC owes Plaintiff commissions pursuant to the Contract and is otherwise in breach of the Contract.

47. As a direct and proximate cause of the Defendant RALLC's breach of contract, the Plaintiff has suffered damages.

48. The Contract requires that in the event that legal action is brought to enforce or construe any term that the prevailing party will be entitled to recover, in addition to other damages or award, all reasonable legal costs and fees associated with the action.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment in excess of $25,000 plus costs, interest and reasonable attorneys' fees pursuant to the Contract.

8

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

49. Plaintiff realleges all of the above paragraphs as if recited verbatim.

50. Plaintiff procured the Puerto Sales Channels for the benefit of RALLC.

51. Plaintiff was and remains entitled to commissions due to the sales and income generated by the Puerto Sales Channels.

52. Until recently, the Puerto Sales Channels were producing sales and income to RALLC.

53. During the course of his deposition on February 16, 2010, Plaintiff's counsel learned for the first time that RALLC sold or otherwise transferred all of its assets to a new entity called Rapid Financial Services, LLC ("RFSLLC").

54. The benefit of the sales and income that the Puerto Sales Channels have rendered for RALLC has been transferred to RFSLLC.

55. The Puerto Sales Channels continue to produce income and sales to RFSLLC.

56. RFSLLC is a successor in interest to RALLC.

57. Plaintiff is entitled to commissions on the income and sales generated by the Puerto Sales Channels to RFSLLC.

58. Defendant RFSLLC has been unjustly enriched by the value of the Puerto Sales Channels that have been procured by the Plaintiff.

59. It would be unjust to allow RFSLLC to retain the value of the Puerto Sales Channels in the absence of an order and/or a judgment against the Defendants to properly compensate the Plaintiff for same.

60. The reasonable value of the Puerto Sales Channels cannot be identified unless and until the Defendants each provide an accounting records showing:

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

a. All of the Sales Channels that have ̃ ̃ ̃ procured by the Plaintiff;

b. All of the sales channels that have been procured by the Sales Channels procured by the Plaintiff.

c. All of the Net Revenue that has been generated by all of the Sales Channels.

61. Upon information and belief, the reasonable value of all of the sales channels for which the Plaintiff has been the procuring cause, is in excess of $25,000, and remains unpaid.

**WHEREFORE, PLAINTIFF PRAYS THAT** this court enter a judgment in favor of the Plaintiff against Defendant RFSLLC, for all commissions due to Plaintiff on the Puerto Sales Channels, plus costs, interest and attorneys' fees.

## COUNT IV – PIERCING CORPORATE VEIL OF RAPID FINANCIAL SERVICES, LLC

62. The Plaintiff realleges the above paragraphs as if recited verbatim.

63. Upon information and belief, Defendant RFSLLC is a merely an instrumentality of RALLC and some, if not most of its former shareholders.

64. Defendant RFSLLC maintains the same person, Jeremy Brown as its chief executive officer.

65. RFSLLC, upon information and belief, was only recently formed prior to the purported transfer of assets from RALLC and was formed for the purpose of avoiding liability to the Plaintiff and possibly other persons and entities as well.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

10

66. RFSLLC has continued in the same business, using the same name as RALLC, the same location as RALLC and with the same Sales Channels, including the Puerto Sales Channels as RALLC, all for the purpose of committing a fraud or wrong against the Plaintiff and possibly others.

67. The Plaintiff has suffered an additional unjust loss due to the purported transfer of assets from RALLC to RFSLLC as this transaction is merely an attempt by the Defendants to insulate themselves from having to pay a commission to the Plaintiff on the Puerto Sales Channels and on other sales for which the Plaintiff is entitled to a commission.

**WHEREFORE, PLAINTIFF PRAYS THAT** this court grant him the following relief:

    a.  Enter a judgment in favor of the Plaintiff against both defendants, jointly and severally, in excess of $25,000, plus costs, interest and reasonable attorneys' fees;

    b.  Order each Defendant to account for all sales generated by the Puerto Sales Channels;

    c.  Such other relief as this court may deem just.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Respectfully submitted.

March 4, 2010

/s/ Gary D. Nitzkin

GARY D. NITZKIN (P 41155)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-2882
Email - gnitzkin@creditor-law.com

### Proof of Service

I, Brandy Moore , hereby state that on   3/14/2010  , I served a copy of the within pleading upon all counsel as their address appear of record, as follows:

___ first class mail with postage fully prepaid thereon;
___ via facsimile machine
___ via hand delivery
 X  via e-mail

Brandy A. Moore

12

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 1

Jul 16 07 10:14a      Mark Gorge & Associates      4137712684                    p.1

06/15/2006 23:40 FAX 240 514 2010        RAPID ADVANCE                          ☒001

THIS SERVICE AGREEMENT dated this 12th day of June, 2006

**BETWEEN:**

RapidAdvance, LLC of 7316 Wisconsin Ave., Suite 450, Bethesda, Maryland, 20814
(the "RapidAdvance, LLC")

**- AND -**
Mark Gorge & Associates of 4489 S. Willoway Estates Court, Bloomfield, Michigan, 48302
(the "Mark Gorge & Associates")

## Consulting Agreement

**BACKGROUND:**

1. RapidAdvance, LLC carries on a business primarily consisting of purchasing future credit card receivables from business's that accept payments by credit card.

2. RapidAdvance, LLC is of the opinion that the Service Provider has the necessary qualifications, experience and abilities to provide services to RapidAdvance, LLC.

3. Mark Gorge & Associates is agreeable to providing such services to RapidAdvance, LLC, on the terms and conditions as set out in this Agreement.

**IN CONSIDERATION OF** the matters described above and of the mutual benefits and obligations set forth in this Agreement, the receipt and sufficiency of which consideration is hereby acknowledged, the parties to this Agreement agree as follows:

### Engagement

1. RapidAdvance, LLC hereby agrees to engage Mark Gorge & Associates to provide RapidAdvance, LLC with services consisting of Consulting on development and implementation of processes to further Rapid Advances Business. The scope of this work includes but is not limited to development and negotiation of Banking services to facilitate repayment of advances to merchants, operation considerations and marketing to sales partners., and such other services

Mark Gorge & Associates and RapidAdvance, LLC
Page 1 of 6

Initials _____ , MG

RA000045

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

08/15/2006 23:41 FAX 240 514 2010           RAPID ADVANCE                          @002

as RapidAdvance, LLC and Mark Gorge & Associates may agree upon from time
to time (the "Services"), and Mark Gorge & ~~ ..ciates hereby agrees to provide
the Services to RapidAdvance, LLC.

## Term of Agreement

2. The term of this Agreement will begin on the date of this Agreement and will
remain in full force and effect until completion of the Services or notice of either
party.

## Performance

3. Both parties agree to do everything necessary to ensure that the terms of this
Agreement take effect.

## Compensation

4. For the Services provided by Mark Gorge & Associates under this Agreement,
RapidAdvance, LLC will pay to Mark Gorge & Associates compensation in the
following manner. Mark Gorge & Associates will be paid $125 per hour for
consulting services. An initial retainer of $6,250 will be paid upon execution of
this contract; the retainer will be applied against initial billings. Going forward
RapidAdvance, LLC will be invoiced monthly. In addition to these fees Rapid
Advance will pay Mark Gorge and associates 2% of all net revenue (gross
revenue less 2% share of bad debts) generated as a result of Mark Gorge and
Associates efforts in marketing Rapid Advance's services to sales organizations.
This fee is not applicable to revenue due to Mark Gorge & Associates on
advances to Mark Gorge and Associates merchants. Compensation will be
payable monthly as net revenue is received.

## Ownership of Intellectual Property

5. During the period beginning with the start of discussions between RapidAdvance,
LLC and Mark Gorge & Associates, which occurred on or about June 6, 2006 and
continuing during the term of any compensated relationship between
RapidAdvance, LLC and Mark Gorge & Associates hereunder, Mark Gorge &
Associates acknowledges that Mark Gorge and/or others acting on behalf of Mark
Gorge & Associates may, solely or in combination with others, create intellectual
property rights relating to the business of RapidAdvance, LLC (collectively "IP
Rights"). These may include patent rights, copyright rights, trade secret rights,

Mark Gorge & Associates and RapidAdvance, LLC
Page 2 of 6                                       Initials:  _ M

Case 2:10-cv-11474-DPH-DAS   Document 1-2   Filed 04/13/10   Page 18 of 60

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

and/or trademark rights but these IP rights are strictly limited to the merchant cash advance business of RapidAdvance, LLC.

6. RapidAdvance, LLC shall be entitled to the sole benefit and exclusive ownership of all IP Rights, which shall, among other things, be deemed works for hire for the benefit of RapidAdvance, LLC. However, Mark Gorge & Associates will share in revenues resulting from licensing ("Licensing Revenue") of any IP Rights developed under this Agreement for RapidAdvance, LLC, according to the following formula:

   a. RapidAdvance, LLC will first recover from any Licensing Revenue received 100% of any costs paid to develop and/or patent the IP Rights, including fees of Mark Gorge & Associates and legal and other fees paid to perfect the IP Rights.

   b. Thereafter RapidAdvance, LLC and Mark Gorge & Associates will share 50%/50% in any Licensing Revenue received, after deduction of any direct expenses occurred in providing the IP Rights to any licensee.

7. Mark Gorge & Associates shall do all acts necessary or reasonably required by RapidAdvance, LLC to give effect to this section, including but not limited to the review of patent applications, the execution of declarations and assignments, and similar acts. RapidAdvance, LLC shall reimburse Mark Gorge & Associates for all out-of-pocket expenses incurred by Mark Gorge & Associates as a consequence of Mark Gorge & Associates' performance of these acts including compensating Mark Gorge & Associates for the time of any of its representatives in performing such acts.

8. This agreement shall be binding upon Mark Gorge & Associates and its representatives, including Mark Gorge, and shall inure to the benefit of RapidAdvance, LLC, its successors and assigns.

**Expenses**

9. Mark Gorge & Associates will be reimbursed from time to time for all reasonable necessary expenses incurred by Mark Gorge & Associates in connection with providing the Services hereunder. Any amount greater than $100 needs to be approved by client. Mark Gorge & Associates will furnish statements and vouchers to RapidAdvance, LLC for all such expenses.

**Legal Expenses**

10. In the event that legal action is brought to enforce or construe any term of this Agreement, the prevailing party will be entitled to recover, in addition to any

Mark Gorge & Associates and RapidAdvance, LLC
Page 3 of 6

Initials: ___/___

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

other damages or award, all reasonable legal costs and fees associated with the action.

### Notice

11. All notices, requests, demands or other communications required or permitted by the terms of this Agreement will be given in writing and either served personally, by email, by facsimile or by registered mail. The addresses for any notice to be delivered to any of the parties to this Agreement are as follows:

    a.  RapidAdvance, LLC, 7316 Wisconsin Ave., Suite 450, Bethesda, Maryland, 20814, (240) 514-2010, jbrown@rapidadvance.com.

    b.  Mark Gorge & Associates, 4489 S. Willoway Estates Court, Bloomfield, Michigan, 48302, (413) 771-2684, Mark@paymentsinfo.com.

12. Or to such other address as to which any part; a'y from time to time notify the other.

### Titles/Headings

13. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement.

### Assignment

14. This Agreement is a personal one, being entered into in reliance upon and in consideration of the personal skill and qualifications of Mark Gorge & Associates. Mark Gorge & Associates will not voluntarily or by operation of law assign or otherwise transfer the obligations incurred pursuant to the terms of this Agreement without the prior written consent of RapidAdvance, LLC.

Mark Gorge & Associates and RapidAdvance, LLC
Page 4 of 6

Initials:

Jul 16 07 10:16a      Mark Gorge & Associates      4137712884            p.5

06/15/2006 23:42 FAX 240 514 2010        RAPID ADVANCE                    ☑005

### Capacity/Independent Contractor

15. It is expressly agreed that Mark Gorge & Associates is acting as an independent contractor and not as an employee in providing the Services hereunder. Mark Gorge & Associates and RapidAdvance, LLC acknowledge that this Agreement does not create a partnership or joint venture between them.

### Modification of Agreement

16. Any amendment or modification of this Agreement or additional obligation assumed by either party in connection with this Agreement will only be binding if evidenced in writing signed by each party or an authorized representative of each party.

### Time of the Essence

17. Time will be of the essence of this Agreement and of every part hereof. No extension or variation of this Agreement will operate as a waiver of this provision.

### Entire Agreement

18. It is agreed that there is no representation, warranty, collateral agreement or condition affecting this Agreement except as expressed in it.

### Severability

19. In the event that any of the provisions of this Agreement are held to be invalid or unenforceable in whole or in part, all other provisions will nevertheless continue to be valid and enforceable with the invalid or unenforceable parts severed from the remainder of this Agreement.

### Currency

20. Unless otherwise provided for, all monetary amounts referred to herein will be paid in US dollars.

Mark Gorge & Associates and RapidAdvance, LLC
Page 5 of 6

Initials: _____

RA000049

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

06/15/2006 23:42 FAX 240 514 2010        RAPID ADVANCE                    ☒006

### Governing Law

21. It is the intention of the parties to this Agreement that this Agreement and the performance under this Agreement, and all suits and special proceedings under this Agreement, be construed in accordance with and governed, to the exclusion of the law of any other forum, by the laws of the State of Michigan. The parties also agree to and specify and select the jurisdiction by the federal courts in the Eastern District of Michigan and the state courts in Oakland County, Michigan.

22. **IN WITNESS WHEREOF** the parties have duly executed this Service Agreement this 12th day of June, 2006.

RapidAdvance, LLC

per:_____ (SEAL)

TIMOTHY BROWN, PRESIDENT

Witness:_____

Mark Gorge & Associates

Mark Gorge & Associates and RapidAdvance, LLC
Page 6 of 6

Initials: _____ _____

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 2

OCT-09-2006 17:15     RAPID ADVANCE     P.01

10/09/2006 16:02 FAX     @002/008

**Rapid Advance, LLC**
**Sales Marketing Agreement**

This Sales Marketing Agreement made this $9th$ day October 2006 by and between Edward Puerto, an individual residing at 2833 Westminster Court, Louisville, KY 40206, the sales marketing representative ("**Representative**"), and Rapid Advance, LLC, a limited liability company organized under the laws of Maryland, ("**RapidAdvance**"), each located at the addresses indicated below the respective signature lines. This Agreement sets forth the terms and conditions for Representative to market RapidAdvance's future receivables sales service (the "**Service**") to Independent Sales Organizations ("**ISOs**") who will execute a Contract ("**Contracted ISO**") with RapidAdvance to market the Service to potential commercial business customers ("**Potential Customers**") that may be interested in obtaining the Service from RapidAdvance.

The parties agree as follows:

1.     <u>Commission Payments</u>. RapidAdvance agrees to pay Representative in accordance with the attached Commission Schedule, which is incorporated, herein, for each Potential Customer referred by Contracted ISO to RapidAdvance: (a) which has executed a Merchant Receivable sale Agreement ("**Merchant Agreement**") acceptable to RapidAdvance; and (b) for which RapidAdvance purchases certain future credit card receivables pursuant to such Merchant Agreement.

2.     <u>Marketing Obligations</u>. Representative shall use best commercial efforts to market and promote the Service to ISOs, subject to the professional discretion of the Representative. Representative shall accurately and completely describe the Service and the role of RapidAdvance to each ISO. Representative shall not represent to an ISO, either orally or in writing that Representative has the authority to accept or agree to a Contract, or to commit RapidAdvance to a Merchant Agreement or to providing the Service to a Potential Customer. Representative acknowledges and agrees that Representative has no authority to bind or commit RapidAdvance to provide the Service to any ISO or Potential Customer. Only RapidAdvance shall be authorized to accept and/or execute a Contract with an ISO, a Merchant Agreement and to offer the Service to a Potential Customer.

    Representative will be primarily responsible to manage the Contracted ISO relationship to generate maximum earnings potential for both Rapid and Representative.

3.     <u>Information on Merchants</u>. Representative shall communicate to RapidAdvance any legal, financial, or business change in any Contracted ISO which Representative has knowledge or awareness.

4.     <u>Expenses</u>. Representative shall be wholly responsible for any and all expenses incurred by Representative in performance of the marketing and sales services contemplated under this Agreement. RapidAdvance shall have no responsibility for the payment of withholding, Social Security or unemployment taxes, or any similar taxes or other payments, with respect to commissions earned by Representative hereunder. If, notwithstanding the provisions of this paragraph, any such taxes or payments ever are assessed against RapidAdvance, Representative shall reimburse RapidAdvance promptly for all sums paid by RapidAdvance, including any interest or penalties. Representative shall maintain automobile insurance, general liability insurance, workman's compensation insurance and any other insurance required by applicable laws or regulations.

OCT-09-2006  17:15          RAPID ADVANCE                                    P.02

10/09/2006 16:03 FAX                                                        ☑003/008

5.   <u>Representative Responsibility For Agents</u>.  Representative agrees that employees, agents or independent contractors of Representative will be properly trained and monitored with respect to all their activities to promote the Service.  Representative is responsible for any actions taken by Representative's employees, agents or independent contractors, and such actions will be construed as an action taken by Representative and will be subject to the terms and conditions outlined within this Agreement.  Representative specifically acknowledges that RapidAdvance shall not be liable in any manner for any payments due from Representative to any employees, agents, or independent contractors of Representative for any reason, including commissions paid to such persons.

6.   <u>Term and Termination</u>.  This Agreement will be effective as of the date and year first above written and will continue for an initial term of one (1) year.  Thereafter, this Agreement will automatically renew on an annual basis unless terminated by either party upon ninety (90) days written notice prior to commencement of any additional one (1) year terms.  This Agreement may be terminated additionally and immediately by either party for cause.  Termination for cause reasons include, but are not limited to, breach by either party of the terms of this Agreement, or if determined by RapidAdvance that Representative (through Representative's own acts or omission or the acts or omission of any of Representative's agents, employees or independent contractors) is having an adverse affect on RapidAdvance or the marketing and promotion of the Service.  Upon termination, Representative shall continue to receive commissions and residuals in accordance with Commission Schedule for each Contracted ISO for the duration of the ISO contract with RapidAdvance, unless RapidAdvance terminates this Agreement for cause.  The following Sections of this Agreement shall survive termination of the Agreement: Sections 6, 7, 8, 11, 16, 20, and 21, 22, and 23.

7.   <u>Non-Solicitation Provisions</u>.  Representative agrees that as long as RapidAdvance and the Service performs to expectations, that during the term of this Agreement and for a period of one (1) year after the termination or expiration of this Agreement, Representative shall not directly, or via others acting on behalf of Representative, solicit or influence any Contracted ISO previously solicited by Representative for the purposes of engaging another company to provide the Service to Contracted ISO.  RapidAdvance understands that Representative has existing relationships with ISO's he will be referring to RapidAdvance and those ISO's may have existing relationships with other cash advance/loan companies already in place prior to being referred to RapidAdvance.  Representative agrees that during the term of this Agreement and for a period of one (1) year after the termination or expiration of this Agreement, Representative will not solicit any Contracted ISO of RapidAdvance contracted through the efforts of RapidAdvance and not Representative.  Representative agrees that Representative shall not directly or indirectly, while this Agreement is in effect and for one (1) year thereafter, solicit or induce any employee or independent contractor of RapidAdvance to terminate their employment or independent contractor relationship with RapidAdvance.

8.   <u>Limitation on Commissions</u>.  Representative acknowledges and agrees that Representative has no rights to any fees or profits earned by RapidAdvance with respect to providing the Service to a Potential Customer that was referred to RapidAdvance by a Contracted ISO, other than Commissions as provided in Section 1 and per the Schedule attached.  Representative acknowledges and agrees that Representative shall be entitled to no compensation for any service provided to a Potential Customer by RapidAdvance that results from the sales or marketing efforts of RapidAdvance or any of its other agents (other than Representative).

9.   <u>Merchant Documentation</u>.  Representative shall provide ISOs with the form of ISO Contract provided to Representative by RapidAdvance, and Representative shall not alter or modify the terms of the ISO Contract from the original form.  If RapidAdvance provides any other written marketing materials to Representative for use in promoting the Service, Representative shall only use these marketing materials and shall not use any other marketing materials unless approved by RapidAdvance.

OCT-09-2006   17:15        RAPID ADVANCE                                        P.03
10/09/2006 16:04 FAX                                                        @004/008

10. **Remedies Upon Breach.** The parties agree that any breach by Representative of this Agreement would subject RapidAdvance to irreparable harm for which money damages would not be a sufficient remedy. Accordingly, Representative agrees that RapidAdvance shall be entitled to injunctive or other equitable relief in addition to any other remedies that may be available to it at law or under the terms of this Agreement.

11. **Assignment.** Representative shall not assign this Agreement without the express written consent of RapidAdvance. RapidAdvance may assign this Agreement without prior notice or consent of Representative.

12. **Provision of Service to Merchants.** Nothing in this Agreement shall obligate RapidAdvance to continue to provide the Service to any or all Potential Customers. RapidAdvance may in its sole discretion change or revise the Service offered at any time.

13. **Notices.** Any notices required by or to be sent hereunder shall be addressed to the address of the party set forth on the signature page, and shall be delivered via hand delivery, via certified United States mail (postage prepaid and return receipt requested), or via regular commercial overnight delivery service.

14. **ISO Referrals.** With regard to each ISO referral by Representative to RapidAdvance, RapidAdvance will promptly advise Representative of any conflict with any such referral, due to RapidAdvance having a pre-existing discussion or dialogue about providing the Service to said ISO. In the event there is a conflict, both parties will make best efforts to reach an agreement about any commission payable to Representative if ISO enters into a contract with RapidAdvance

15. **Representations.** Representative hereby warrants and represents to RapidAdvance as follows: (a) Representative is duly authorized by law to perform the Representative's duties and obligations under this Agreement; (b) Representative and the employees, officers and other agents and independent contractors of Representative shall at all times comply with applicable state and federal law's when performing Representative duties and obligations under this Agreement; (c) Representative shall not act in such a way to embarrass, devalue, disparage, injure or harm RapidAdvance, its affiliates, or the Service; and (d) Representative's entering into or performing under this Agreement does not, and will not, cause a breach any agreement Representative may have with another entity.

RapidAdvance hereby warrants and represents to Representative that it will not divert, interfere, or otherwise compromise the commission earnings opportunity for Representative for any ISO referred by Representative to RapidAdvance.

16. **Governing Law.** Except for the arbitration provisions contained in Section 22 which are governed by the Federal Arbitration Act, 9 U.S.C. § 1-9, this Agreement shall be governed by and construed in accordance with the substantive laws so the State of Maryland, without regard for conflict of laws provisions.

17. **Amendment.** Any waiver, amendment or modification of any of its provision, right, power, or remedy of this Agreement, unless that party is expressly given such right, shall not be effective unless made in writing and signed by both the parties to this Agreement. No failure or delay by either party in exercising any of such party's rights hereunder shall operate as a waiver thereof or prevent demanding strict compliance thereof. Waiver of a breach of any provision of this Agreement shall not be deemed a continuing waiver of any other breach of the same or different provision.

OCT-09-2006  17:15        RAPID ADVANCE                                    P.04

10/09/2006 16:04 FAX                                                      ☒005/008

18. **Entire Agreement.** This Agreement constitutes the entire understanding between the parties in connection with the subject matter hereof and supersedes all prior and contemporaneous agreements, understanding, negotiations, and discussions, whether oral or written, of the parties, and there are no warranties, representations and/or agreements among the parties in conjunction with the subject matter hereof except as set forth in this Agreement. To the extent that any prior independent contractor or marketing agreement exist between the parties, this Agreement and its terms hereby retroactively replace all prior agreements between the parties, with the exception that commission and residual rates set forth in the Commission Schedule attached hereto will only apply prospectively to Potential Customer referrals by Representative, and the rates set forth in the prior agreement will remain in effect for Merchant Agreements submitted under the prior agreement.

19. **Role of Parties.** Nothing in this Agreement or in the performance thereof shall be construed to create any partnership, joint venture, or relationship of principal and agent or employer and employee between RapidAdvance and Representative or any of their affiliates or subsidiaries. Representative and RapidAdvance are and shall remain independent contractors. As such, neither the Representative or any employees, agents or affiliated persons of Representative shall be entitled under any circumstances to maintain any action against RapidAdvance for any injury incurred by Representative or any employees, agents or affiliated persons of Representative (including, but not limited to, the filing of claims under the workers' compensation laws of any state.) Furthermore, Representative acknowledges that Representative shall be solely responsible for the purchase and maintenance of employment and/or workers compensation insurance coverage related to himself/herself, or employees, agents or contractors of Representative, and that RapidAdvance shall have no responsibility for any such coverage.

20. **Confidential Information.** In performing their respective obligations pursuant to this Agreement, each party shall have access to and receive disclosure of certain information, in written or other tangible form, relating to the other party's services, operations or procedures which is confidential, proprietary or not generally available to the public including, without limitation, marketing materials, Merchant Agreements, marketing plans, business plans for current and proposed services, business data, projections, prices, costs, customer lists, vendor lists, and a variety of other information and materials that each party considers confidential or proprietary (hereinafter referred to as **"Confidential Information"**), which are confidential proprietary trade secrets of each party or its affiliates. Each party obtaining Confidential Information of any other party shall: (i) protect and preserve the confidential and proprietary nature of all Confidential Information in its possession; (ii) not disclose, give, sell or otherwise transfer or make available, directly or indirectly, any Confidential Information to any third party or affiliate, except as expressly provided in this Agreement, or as otherwise required by law or in judicial or administrative proceedings; (iii) not use the Confidential Information, except as expressly provided in this Agreement; (iv) not make any records or copies of the Confidential Information, except as required by this Agreement; and, (v) return all Confidential Information and any copies thereof (in whatever form) in its possession immediately upon request, or upon termination of this Agreement.

Notwithstanding the foregoing, the restrictions set forth in this Section will not apply to any information which: (i) was or becomes generally available to the public, other than through unauthorized disclosure by a party; (ii) was or becomes available to a party on a non-confidential basis from a source other than another party; or (iii) was within a party's possession prior to being furnished to such party by or on behalf of another party, provided that the source of such information was not bound by a confidentiality agreement in respect thereof or is not labeled to indicate that it is confidential. In addition, a party may disclose the other's Confidential Information if the person or entity seeking such information or records serves the disclosing party with a proper subpoena or court order or is otherwise authorized by law to make such a request; provided that, prior to such disclosure, the disclosing party will use its best efforts to notify the other party of such disclosure and will limit the disclosure to the specific Confidential Information called for by the request, subpoena or court order.

21. Arbitration. The parties agree that, except as specifically set forth in the Agreement, any and all disputes arising from or related to this Agreement, and any and all disputes arising between or among Representative and RapidAdvance and/or their respective affiliates, shall be submitted to the Washington, DC office of the American Arbitration Association ("AAA") and shall be arbitrated in accordance with the Commercial Arbitration Rules of AAA in effect at the time a party files for arbitration. The parties shall then agree upon an AAA arbitrator, or if they cannot agree, the AAA shall select an arbitrator for them at random from the AAA's Washington, DC Commercial Panel. The parties understand that arbitration shall be conducted in accordance with the AAA's Commercial Arbitration Rules, and neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure (or any state court evidentiary or procedural rules) shall apply. The parties specially waive their respective rights to a jury trial, as well as their respective rights to participate in any class action, parens patriae action, class-wide arbitration, or representative action of any kind in any forum. The parties agree that in addition to the provisions of this Section RapidAdvance may file an action in state or federal court to enforce its rights under this Agreement or to enjoin Representative from acting in violation of this agreement. The parties expressly recognize and agree that this agreement to arbitrate shall apply, retroactively, to any and all disputes arising from any and all prior agreement(s) between the parties and/or their respective affiliates.

22. Indemnification. Representative shall indemnify and hold RapidAdvance free and harmless from and against any liability, claims, demands, loss, damage, or cost, including legal expenses and counsel fees by reason of any act or omission of Representative, the officers, directors, employees, agents or subcontractors of Representative pursuant to this Agreement, including but not limited to Representative's misrepresentations of the Service or the terms under which the Service will be made available to Potential Customers by RapidAdvance.

23. Limitation on Liability. Except for liability of Representative that arises under Section 22, the parties agree and acknowledge that each party's damages under this Agreement or the activity contemplated herein are limited to actual losses incurred by a party as the result of a breach of this Agreement, and that no incidental, consequential, speculative, lost profits, exemplary, punitive or statutory damages may be asserted by one party against the other.

24. Severability. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other portions shall remain fully valid and enforceable. In the event that any provision of this Agreement is not enforceable in accordance with its terms, such provision shall be reformed to make such provision enforceable and shall not be construed in a fashion that disfavors or decreases RapidAdvance's intended rights.

**RAPID ADVANCE, LLC**                    **SALES MARKETING REPRESENTATIVE**

                                          Legal Name: Edward Puerto

By: _JEREMY BROWN_        By: _Edward N. Puerto_
          Print Name                           Print Name of Representative

Title: _PRESIDENT_        Title: _____
          Print Title                          Print Title (if applicable)

Signature: _____  Signature: _Edward_____

Date: _10/9/06_           Date: _10-9-06_

Rapid Advance, LLC Sales Marketing Agreement        Page 5 of 7        Initials: _____ / E. P.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Representative Contact Information:

Edward Puerto
2833 Westminster Court
Louisville, KY 40206

RapidAdvance Contact Information:

Rapid Advance, LLC
7316 Wisconsin Ave.
Suite 450
Bethesda, MD 20814

Attn: __JEREMY BROWN, PRESIDENT__

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

OCT-09-2006  17:16          RAPID ADVANCE                                    P.07

10/09/2006 16:05 FAX                                                    @008/008

## COMMISSION SCHEDULE

Subject to the terms and conditions of this Sales Marketing Agreement, RapidAdvance will pay to the Representative commissions as the Representative's total compensation in accordance with Sections 1 and 8 as follows:

A.  Potential Customers who are referred by Contracted ISOs:.

   a.  Up-front commissions on Potential Customers of one percent (1%) of the future credit card sales purchased by RapidAdvance.

B.  Potential Customers who are referred by Contracted ISOs and who execute an additional, subsequent, or extended Merchant Agreement ("Renewal").

   a.  Up-front commissions on Potential Customers of one percent (1%) of the future credit card sales purchased by RapidAdvance.

C.  Commissions will be paid to Representative within 10 calendar days after the month when Potential Customer received funds from RapidAdvance.

D.  RapidAdvance will provide Representative a detailed monthly statement of future credit card sales purchased that month for each Contracted ISO.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 3

Filed Under Seal

CONFIDENTIAL



7315 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

## Initial Commission Report
Statement Period
1/01/2007 to 1/31/2007

Name: Edward Puerto
2633 Westminster Court
Louisville, KY 40206

Total Commission     $14,162.91

| Account | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|
| COMMISSION SUMMARY | | | | | |
| Affiliate Strategies (2000920) | Initial | $28,077.00 | 1% | $280.77 | BPS |
| ANDY ON CALL (2000955) | Initial | $62,822.00 | 1% | $628.22 | Merchant Advisers |
| Associated Supermarket (2000887) | Initial | $72,645.00 | 1% | $726.45 | BPS |
| BMW MAJESTIC STEAKHOUSE (2000946) | Initial | $84,654.00 | 1% | $846.54 | FSB |
| BON FIRE GRILLE (2000904) | Initial | $37,200.00 | 1% | $372.00 | FSB |
| Cindy Glasscock (2000866) | Initial | $34,365.00 | 1% | $343.65 | BPS |
| Cold Stone Creamery (2000912) | Initial | $15,435.00 | 1% | $154.35 | BPS |
| COSTA MESA FOAM AND FABRICS (2000939) | Initial | $17,199.00 | 1% | $171.99 | BPS |
| Final Smoke (2000949) | Initial | $51,153.00 | 1% | $511.53 | BPS |
| FIRST AUTO CARE (2000899) | Initial | $36,975.00 | 1% | $369.75 | BPS |
| FLOORSCAPES DESIGN CENTER (2000902) | Initial | $39,396.00 | 1% | $393.96 | BPS |
| GAME EXCHANGE (2000960) | Initial | $18,669.00 | 1% | $186.69 | BP3 |
| GINGERBREAD KIDS DAYCARE INC (2000923) | Initial | $9,849.00 | 1% | $98.49 | BPS |
| HIGH DEFINITION TEES (2000967) | Initial | $39,102.00 | 1% | $391.02 | BPS |
| Jack's Country Junction (2000849) | Initial | $22,050.00 | 1% | $220.50 | BPS |
| Jersey Executive Limo (2000901) | Initial | $29,700.00 | 1% | $297.00 | BPS |
| JO'S HONDA SUSHI (2000911) | Initial | $35,133.00 | 1% | $351.33 | BPS |
| Labbe Glass (2000867) | Initial | $41,868.00 | 1% | $418.68 | BPS |
| MELRICH PHARMACY- (2000935) | Initial | $15,435.00 | 1% | $154.35 | BPS |
| MILAN IMPORT CENTER (2000968) | Initial | $35,133.00 | 1% | $351.33 | BPS |
| NORCAL PAINT & SUPPLY (2000969) | Initial | $17,952.00 | 1% | $179.52 | Merchant Advisors |
| Pizza Nosh (2000877) | Initial | $8,379.00 | 1% | $83.79 | BPS |
| RJW Enterprises/Game X Change (2000948) | Initial | $14,847.00 | 1% | $148.47 | BPS |
| Samdesh Publications (2000954) | Initial | $14,847.00 | 1% | $148.47 | Merchant Advisors |
| SUNG SHIM (2000951) | Initial | $21,021.00 | 1% | $210.21 | BPS |
| THE COUNTRY STORE (2000963) | Initial | $156,555.00 | 1% | $1,565.55 | Merchant Advisor |
| TV Authority (2000910) | Initial | $475,000.00 | 1% | $4,750.00 | Merchant Advisors |

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

RR000342



7316 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

**Initial Commission Report**

Statement Period
9/01/2008 to 9/30/2008

Name  Edward Puerto
1609 Trenton Way
Louisville, KY 40205

Total Commission          $9,361.06

CONFIDENTIAL

## COMMISSION DETAIL

| Account | Ren. | Type | Date | Advance Amt | Purchase Amt | Trans. Amt | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|---|---|---|
| B & J Family Restaurant (2008973) | X | Initial | 9/12/2008 | $17,000.00 | $24,700.00 | $24,700.00 | 1% | $247.00 | BPS |
| Baldwin Trophies & Awards (2008699) | X | Initial | 9/9/2008 | $12,300.00 | $17,800.00 | $17,800.00 | 1% | $178.00 | BPS |
| Café @ JFK (2008609) | X | Initial | 9/4/2008 | $7,400.00 | $10,400.00 | $10,400.00 | 1% | $104.00 | Merchant Advisors |
| Collections Express Inc. (2009273) | X | Initial | 9/29/2008 | $35,000.00 | $50,800.00 | $50,800.00 | 1% | $508.00 | BPS |
| Eli's Auto Service (2008758) | | Initial | 9/9/2008 | $9,500.00 | $13,965.00 | $13,965.00 | 1% | $139.65 | BPS |
| Ellenton Video (2008122) | X | Initial | 9/19/2008 | $56,000.00 | $81,200.00 | $81,200.00 | 1% | $812.00 | RPS |
| Eufaula Food Market (2009217) | X | Initial | 9/25/2008 | $138,000.00 | $199,900.00 | $199,900.00 | 1% | $1,999.00 | BPS |
| Gregory's Seafood (2009171) | X | Initial | 9/23/2008 | $56,000.00 | $81,200.00 | $81,200.00 | 1% | $812.00 | BPS |
| Happy Landing Party Store (2009064) | | Initial | 9/23/2008 | $7,300.00 | $10,731.00 | $10,731.00 | 1% | $107.31 | BPS |
| Heritage Pancake House (2009066) | | Initial | 9/25/2008 | $12,000.00 | $16,560.00 | $16,560.00 | 1% | $165.60 | Ed Puerto |
| Integrity Tires (2008661) | X | Initial | 9/9/2008 | $20,000.00 | $27,000.00 | $27,000.00 | 1% | $270.00 | BPS |
| Knot About Me LLC (2008949) | | Initial | 9/19/2008 | $7,000.00 | $10,150.00 | $10,150.00 | 1% | $101.50 | Card Payment Services |
| Lima Dose (2008732) | X | Initial | 9/2/2008 | $21,500.00 | $31,200.00 | $31,200.00 | 1% | $312.00 | BPS |
| McElroy Tire (2009266) | X | Initial | 9/29/2008 | $13,700.00 | $19,900.00 | $19,900.00 | 1% | $199.00 | BPS |
| Melody's Consignment Boutique (2008699) | X | Initial | 9/9/2008 | $6,300.00 | $9,300.00 | $9,300.00 | 1% | $93.00 | BPS |
| Nail Art (2009325) | X | Initial | 9/30/2008 | $36,000.00 | $51,500.00 | $51,500.00 | 1% | $515.00 | BPS |
| Nails Bloom Corp (2009045) | X | Initial | 9/17/2008 | $23,000.00 | $33,400.00 | $33,400.00 | 1% | $334.00 | BPS |
| Olinville Arms (2009271) | X | Initial | 9/30/2008 | $31,100.00 | $41,985.00 | $41,985.00 | 1% | $419.85 | Card Payment Services |
| Pizza in Notion (2008579) | | Initial | 9/2/2008 | $6,700.00 | $9,715.00 | $9,715.00 | 1% | $97.15 | Ed Puerto |
| Quiznoz FSB (2008604) | X | Initial | 9/4/2008 | $20,500.00 | $29,700.00 | $29,700.00 | 1% | $297.00 | FSB |

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04



**RAPID ADVANCE**

7315 Wisconsin Avenue, Suite 460
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

**Initial Commission Report**

Statement Period
9/01/2008 to 9/30/2008

Name  Edward Puerto
1809 Trevilian Way
Louisville, KY 40205

Total Commission        $9,361.06

### COMMISSION DETAIL

| Account | Ren. | Type | Date | Advance Amt | Purchase Amt | Trans. Amt | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|---|---|---|
| Sebastopol Shoes (2008814) | X | Initial | 9/4/2008 | $28,000.00 | $40,800.00 | $40,800.00 | 1% | $408.00 | BPS |
| Tannery Creek Market (2008047) | X | Initial | 9/17/2008 | $58,000.00 | $85,300.00 | $85,300.00 | 1% | $853.00 | BPS |
| Tune Up King (2008870) | X | Initial | 9/15/2008 | $11,000.00 | $16,000.00 | $16,000.00 | 1% | $160.00 | BPS |
| US $1.79 Cleaners (2008970) | X | Initial | 9/9/2008 | $5,500.00 | $8,100.00 | $8,100.00 | 1% | $81.00 | BPS |
| Waterford Copies & More (2008911) | X | Initial | 9/30/2008 | $10,200.00 | $15,000.00 | $15,000.00 | 1% | $150.00 | BPS |
| | | | | $648,000.00 | $936,100.00 | $936,100.00 | | $9,361.06 | |

CONFIDENTIAL

CONFIDENTIAL



7316 Wisconsin Avenue, Suite 460
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2600
www.rapidadvance.com

## Residual Commission Report

Statement Period
3/01/2008 to 3/31/2008

Name RFG Direct Ed puerto
1809 Trevilian Way
Louisville, KY 40205

Total Commission          $8,994.73

### COMMISSION SUMMARY

| Account | Res. | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|
| A Valley Caboustine (2002644) | | Residual | $6,491.72 | 3% | $194.75 | Monica Lau |
| Adrenaline Power Sports (2004367) | | Residual | $2,244.55 | 3% | $67.34 | RFG Finance - Edward Puerto |
| After Dark 2 (2003891) | | Residual | $5,197.12 | 3% | $155.90 | RFG Finance - Edward Puerto |
| All About You Day Spa (2002359) | | Residual | $62.01 | 3% | $1.87 | Ed Puerto |
| Alpha Four Wheel Drive (2005465) | | Residual | $180.16 | 2% | $3.60 | RFG Finance - Edward Puerto |
| Anaconda Tobacco (2003567) | | Residual | ($138.59) | 3% | ($4.15) | Edward Puerto |
| Anaconda Tobacco (2005402) | X | Residual | $1,071.54 | 0% | $0.00 | Partner |
| Anytime Child Care (2003344) | | Residual | $4,719.42 | 3% | $141.57 | Edward Puerto |
| Asian Diner II (2004460) | | Residual | $1,640.37 | 3% | $49.21 | RFG Finance - Edward Puerto |
| Beaner's Gourmet Coffee (2005209) | | Residual | $439.81 | 2% | $8.76 | RFG Finance - Edward Puerto |
| Big Event Supplies (2004979) | | Residual | $341.57 | 2% | $6.84 | RFG Finance - Edward Puerto |
| Boyd's Outlaw Sleep Center (2002733) | | Residual | $1,897.97 | 3% | $59.94 | Jason McAuliff |
| Bruno's Pizza North (2003815) | | Residual | $4,363.28 | 3% | $130.90 | RFG Finance - Edward Puerto |
| Center Valley Tavern (2003710) | | Residual | $258.17 | 3% | $7.75 | RFG, LLC - Jamie Austin |
| Center Valley Tavern (2005160) | X | Residual | $1,257.82 | 0% | $0.00 | RFG, LLC - Jamie Austin |
| Chocolates by Bernard (2003346) | | Residual | $2,956.49 | 3% | $88.70 | Ed Puerto |
| Creative Nails (2004047) | | Residual | $998.67 | 3% | $29.96 | RFG Finance - Edward Puerto |
| Dakota Group (2005279) | | Residual | $2,349.23 | 2% | $46.99 | RFG Finance - Edward Puerto |
| Dolly's Café (2002759) | X | Residual | $400.00 | 0% | $0.00 | Ed Puerto |
| Dynamic Cleaners (2003012) | | Residual | $393.96 | 3% | $11.81 | Ed Puerto |
| Dynamic Cleaners (2005269) | X | Residual | $423.15 | 0% | $0.00 | Ed Puerto |
| Family Tire & Auto Repair (2005463) | | Residual | $356.17 | 2% | $7.12 | RFG Finance - Edward Puerto |
| Futon Furnishings #1 (2004466) | | Residual | $2,035.41 | 3% | $61.07 | RFG Finance - Edward Puerto |
| Futon Furnishings #2 (2004465) | | Residual | $1,770.89 | 3% | $53.12 | RFG Finance - Edward Puerto |
| Gallagher's Pub & Grill (2003594) | X | Residual | $4,721.74 | 0% | $0.00 | Ed Puerto |
| Georgian's Philly Factory (2003342) | | Residual | $323.07 | 3% | $9.69 | Edward Puerto |
| Glass Onion Café (2003768) | | Residual | $614.44 | 3% | $18.43 | Edward Puerto |
| Heritage Park (2002787) | | Residual | $1,008.35 | 3% | $30.25 | Ed Puerto |
| Heritage Park (2005261) | X | Residual | $639.94 | 0% | $0.00 | Ed Puerto |
| Holiday Aquariums, Inc (2002636) | | Residual | $1,302.10 | 3% | $39.06 | Monica Lau |
| Holiday Tire Service (2003416) | X | Residual | $27,363.97 | 0% | $0.00 | Ed Puerto |
| House of Scrubs (2004636) | | Residual | $1,866.68 | 2% | $37.33 | Ed Puerto |
| India Grocers (2003363) | X | Residual | $12,517.10 | 0% | $0.00 | Ed Puerto |
| Integrity Automotive Solutions (2005446) | | Residual | $55.76 | 2.01% | $1.12 | RFG Finance - Edward Puerto |
| Jamie Jovonna Bridal (2004609) | | Residual | $1,333.53 | 2% | $26.68 | RFG Finance - Edward Puerto |

RA002455

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

CONFIDENTIAL

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04



7316 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

**Residual Commission Report**

Statement Period
3/01/2008 to 3/31/2008

Name  RFG Direct Ed puerto
1809 Travien Way
Louisville, KY 40205

Total Commission  $8,994.73

## COMMISSION SUMMARY

| Account | Rem. | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|
| JS Leather (2004662) | X | Residual | $1,556.95 | 0% | $0.00 | |
| Kid Chileen's Steakhouse (2003455) | | Residual | $6,783.21 | 3% | $203.49 | Ed Puerto |
| Lake Wildwood Pro Shop (2002956) | | Residual | $1,983.06 | 3% | $59.50 | Edward Puerto |
| Oceans Jewel Hair Boutique (2004975) | | Residual | $1,251.26 | 2% | $25.03 | RFG Finance - Edward Puerto |
| Olympie Pizza (2004502) | | Residual | $1,734.17 | 3% | $52.05 | RFG Finance - Edward Puerto |
| Omni Power USA (2002192) | | Residual | $3,541.14 | 3% | $106.21 | Edward Puerto |
| Picacho Campground (2004794) | X | Residual | $4,961.58 | 2% | $99.23 | RFG Finance - Edward Puerto |
| Porkopolis Tavern & Grill (2004771) | | Residual | $9,175.75 | 2% | $183.55 | Ed Puerto |
| PURE SUSHI (2004530) | | Residual | $119,209.09 | 3% | $3,576.27 | RFG Finance - Edward Puerto |
| R & R Furniture (2002046) | | Residual | $517.14 | 3% | $15.53 | |
| Red Ginger Asian Bistro (2004009) | | Residual | $4,808.54 | 3% | $144.20 | RFG Finance - Edward Puerto |
| RJ Gators (2004676) | | Residual | $86,281.51 | 2% | $1,725.62 | Ed Puerto |
| Roll N Audio (2001841) | | Residual | $5,707.17 | 3% | $171.22 | |
| Sandlot Baseball Academy (2004710) | X | Residual | $5,9??.?? | 0% | $0.00 | Ed Puerto |
| Secret Garden Flowers & Gifts (2004551) | | Residual | $327.?? | 3% | $9.83 | RFG Finance - Edward Puerto |
| Silly Coffee Connections (2005251) | | Residual | $1,132.12 | 2% | $22.63 | RFG Finance - Edward Puerto |
| Spice Grill (2003528) | | Residual | $7,865.03 | 3% | $235.95 | Edward Puerto |
| Sun Valley Home Furnishings (2002258) | | Residual | $2,052.15 | 3% | $61.56 | Ed Puerto |
| Tacos Jalisco (2003948) | | Residual | $6,382.19 | 3% | $191.44 | RFG Finance - Edward Puerto |
| Tailgate Sports Bar & Grill (2005208) | | Residual | $3,080.23 | 2% | $61.62 | RFG Finance - Edward Puerto |
| Talking Drum Restaurant & Catering (2002830) | | Residual | $1,785.87 | 3% | $53.57 | Ed Puerto |
| The Beauty Box (2003333) | | Residual | $2,119.82 | 3% | $63.59 | Ed Puerto |
| The Old Saloon (2004503) | | Residual | $3,619.89 | 3% | $108.59 | RFG Finance - Edward Puerto |
| The Outback Lodge (2003648) | | Residual | $2,532.72 | 3% | $75.98 | Edward Puerto |
| The Outback Lodge (2005443) | X | Residual | $475.51 | 0% | $0.00 | Edward Puerto |
| Tin Tin Super Buffett (2004675) | | Residual | $1,951.57 | 3% | $58.52 | RFG Finance - Edward Puerto |
| UPS Store No. 5086 (2004623) | X | Residual | $1,925.03 | 0% | $0.00 | Ed Puerto |
| VAN'S HARDWARE & FARM SUPPLY (2004230) | | Residual | $4,255.29 | 3% | $127.64 | EPUE |
| Water Babies (2003829) | | Residual | $4,017.48 | 3% | $120.54 | RFG Finance - Edward Puerto |
| Wienerschnitzel #554 (2005139) | X | Residual | $200.00 | 0% | $0.00 | Ed Puerto |
| Walter Towing LLC (2004965) | X | Residual | $5,047.79 | 0% | $0.00 | RFG Finance - Edward Puerto |
| Winner Group (2004714) | | Residual | $7,795.56 | 2% | $155.92 | RFG Finance - Edward Puerto |

RA002456



7316 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2030
www.rapidadvance.com

**Initial Commission Report**
Statement Period
5/10/2009 to 5/16/2009

Name  RFG Direct Ed puerto
1809 Trevilian Way
Louisville, NY 40205

### COMMISSION DETAIL

| Account | Ren. | Type | Date | Advance Amt | Purchase Amt | Trans. Amt | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|---|---|---|
| Coaches Corner (2012750) | X | Initial | 5/15/2009 | $11,300.00 | $16,300.00 | $16,300.00 | 4% | $652.00 | Edward Puerto |
| New Tyme Country Market (2012698) | X | Initial | 5/13/2009 | $17,800.00 | $26,300.00 | $17,869.60 | 4% | $714.78 | Edward Puerto |
| Picache Campground (2012758) | X | Initial | 5/15/2009 | $16,000.00 | $23,700.00 | $18,203.82 | 2% | $384.08 | RFG Finance - Edward Puerto |
| | | | | $45,100.00 | $66,300.00 | $52,373.42 | | $1,730.86 | |

CONFIDENTIAL

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

RA000193

CONFIDENTIAL



 7316 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

**Residual Commission Report**
Statement Period
2/01/2009 to 2/28/2009

**Name** RFG Direct Ed puerto
1809 Trevilian Way
Louisville, KY 40205

## COMMISSION SUMMARY

| Account | Ren. | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|
| Asian Diner II (2004450) | | Residual | $948.52 | 3% | $28.47 | RFG Finance - Edward Puerto |
| Austin Guitar School (2007213) | | Residual | $2,209.51 | 2% | $44.22 | Edward Puerto |
| Auto Toyz LLC (2011097) | X | Residual | $7,656.04 | 2% | $153.12 | Edward Puerto |
| Brairwood Banquet Center (2010013) | X | Residual | $4,414.54 | 2% | $88.29 | Edward Puerto |
| Bruno's Pizza North (2010407) | X | Residual | $4,915.48 | 0% | $0.00 | RFG Finance - Edward Puerto |
| Center Valley Tavern (2010021) | X | Residual | $3,208.38 | 0% | $0.00 | RFG. LLC - Jamie Austin |
| Coaches Corner (2007333) | | Residual | $2,039.54 | 2% | $40.79 | Edward Puerto |
| Custom Pro-Fit (2005853) | | Residual | $895.98 | 0% | $0.00 | Edward Puerto |
| D & D Auto Clinic (2011276) | | Residual | $5,978.26 | 2% | $119.56 | Edward Puerto |
| Daileys Restaurant DBA Great Hospitality LLC (2007031) | | Residual | $22,693.34 | 2% | $453.86 | Edward Puerto |
| Dakota Group (2008966) | X | Residual | $3,051.22 | 2% | $61.02 | RFG Finance - Edward Puerto |
| Direct Connect Computers (2007792) | | Residual | $3,115.82 | 2% | $62.31 | Edward Puerto |
| DJ's Dog House (2010562) | X | Residual | $2,019.52 | 2% | $40.40 | Edward Puerto |
| Double T's Roadhouse (2009956) | | Residual | $2,263.73 | 2% | $45.66 | Edward Puerto |
| Dynamic Cleaners (2009634) | X | Residual | $924.69 | 0% | $0.00 | Ed Puerto |
| Flip D Action (2010760) | | Residual | $3,161.00 | 2% | $63.20 | Edward Puerto |
| Geordan's Philly Factory (2003042) | | Residual | $904.53 | 0% | $0.00 | Edward Puerto |
| Jamie Jovonna Bridal (2011238) | X | Residual | $1,460.73 | 2% | $29.21 | RFG Finance - Edward Puerto |
| Jewelry Repair Center (2008599) | X | Residual | $4,802.24 | 2% | $96.04 | RFG Finance - Edward Puerto |
| Kenosha Floral (2008355) | | Residual | $2,781.95 | 2% | $55.64 | Edward Puerto |
| Lake Wildwood Pro Shop (2010391) | X | Residual | $468.56 | 0% | $0.00 | Edward Puerto |
| McCurdy Tire & Truck (2010422) | | Residual | $10,618.19 | 2% | $212.37 | Edward Puerto |
| Michael Todd Salon (2010841) | | Residual | $5,081.06 | 2% | $101.23 | Edward Puerto |
| Mucho Bueno (2011281) | | Residual | $1,737.90 | 2% | $34.76 | Ed Puerto |
| New Design Salon Spa (2006627) | | Residual | $1,909.81 | 2% | $38.2 | Edward Puerto |
| New Tyme Country Market (2011321) | X | Residual | $2,798.33 | 2% | $55.96 | Edward Puerto |
| Omni Power USA (2009858) | X | Residual | $5,405.92 | 0% | $0.00 | Edward Puerto |
| Pepe's Towing (2011324) | X | Residual | $4,747.88 | 2% | $94.96 | Edward Puerto |
| Performance Exhaust & Automotive (2008878) | X | Residual | $2,149.33 | 2% | $42.99 | Edward Puerto |
| Picacho Campground (2010249) | X | Residual | $4,092.69 | 2% | $81.86 | RFG Finance - Edward Puerto |
| Puzzano's Pizzeria (2010692) | | Residual | $5,129.24 | 2% | $102.59 | Edward Puerto |
| R & R Furniture (2002046) | | Residual | $3,467.29 | 0% | $0.00 | |
| Red Ginger Asian Bistro (2005806) | X | Residual | ($469.04) | 0% | $0.00 | RFG Finance - Edward Puerto |
| Reflexology Resource Center (2007559) | | Residual | $590.91 | 2% | $11.81 | Edward Puerto |
| Rockwell Brake & Align (2010591) | | Residual | $1,355.98 | 2% | $27.11 | Edward Puerto |
| Stephanie's (2008686) | X | Residual | $724.03 | 2% | $14.50 | RFG Finance - Edward Puerto |
| Subway Watertown (2011500) | | Residual | $1,347.99 | 2% | $26.97 | Edward Puerto |
| The Blooming Village (2009260) | | Residual | $0.00 | 0% | $0.00 | Edward Puerto |

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

RA000124

CONFIDENTIAL



7316 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

# Residual Commission Report

Statement Period
2/01/2009 to 2/28/2009

Name  RFG Direct Ed puerto
1809 Trevilian Way
Louisville, KY 40205

## COMMISSION SUMMARY

| Account | Ren. | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|
| The British Pantry (2005179) | | Residual | $2,190.14 | 2% | $43.80 | Edward Puerto |
| The House Of Brows (2010232) | | Residual | $2,874.40 | 2% | $57.59 | Edward Puerto |
| The Outback Lodge (2005443) | X | Residual | $2,711.90 | 0% | $0.00 | Edward Puerto |
| Theresa Maries Hair Studio (2006574) | | Residual | $572.14 | 2% | $11.44 | Edward Puerto |
| Thirty First Outfitters (2007834) | | Residual | $824.89 | 2% | $16.49 | Edward Puerto |
| UPS Store No 5086 (2007155) | X | Residual | $1,589.02 | 0% | $0.00 | Ed Puerto |
| Vointe Catering Group (2008996) | | Residual | $1,442.40 | 2% | $28.85 | Edward Puerto |
| Water Babies (2011507) | X | Residual | $512.78 | 0% | $0.00 | RFG Finance - Edward Puerto |
| Wilise Towing LLC (2009419) | X | Residual | $5,897.71 | 2% | $117.98 | RFG Finance - Edward Puerto |
| | | | $149,316.88 | | $2,503.20 | |

RA000125

CONFIDENTIAL

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04



7316 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO RAPID (240) 514-2000
www.rapidadvance.com

# Residual Commission Report

Statement Period
2/1/2009 to 2/28/2009

## COMMISSION SUMMARY

| Account | Ren. | Type | Trans. Amount | % | Commission | Sales Rep |
|---------|------|------|---------------|---|------------|-----------|
| Grand Total | | | $149,315.88 | | $2,503.20 | |

RA000126

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

RA000135

CONFIDENTIAL



7318 Wisconsin Avenue, Suite 450
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

**Initial Commission Report**
Statement Period
3/15/2009 to 3/21/2009

Name  RFG Direct Ed puerio
1806 Travillan Way
Louisville KY 40205

55

| Account | Ref. | Type | Date | Advance Amt | Purchase Amt | Trans. Amt | % | Commission | Sales Rep |
|---|---|---|---|---|---|---|---|---|---|
| Willse Towing LLC (2011910) | X | Initial | 3/17/2009 | $30,000.00 | $44,400.00 | $29,915.71 | 2% | $598.31 | RFG Finance - Edward Puerio |
| | | | | $30,000.00 | $44,400.00 | $29,915.71 | | $598.31 | |

COMMISSION DETAIL

# Exhibit 4

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04



7316 Wisconsin Avenue, Suite
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

# Initial Commission

Statement Period
1/01/2006 to 11/30/2006

**Name** Mark Gorge

**Total Commission**          $3,073.44

| Account | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|
| Actors Certified Training (2000732) | Initial | $20,600.00 | 0.5% | $103.00 | Merchant Advisors |
| Bellacinos' Pizza & Grinders (2000689) | Initial | $25,600.00 | 0.5% | $128.00 | BPS |
| BON FIRE GRILLE (2000591) | Initial | $21,600.00 | 0.5% | $108.00 | FSB |
| Bridal Illuzions (2000595) | Initial | $8,700.00 | 0.5% | $43.50 | Premier |
| Chicago Dawg (2000660) | Initial | $23,500.00 | 0.5% | $117.50 | Merch Advisors |
| CompUsign (2000677) | Initial | $24,900.00 | 0.5% | $124.50 | BPS |
| Diamond B Country Diner (2000649) | Initial | $23,200.00 | 0.5% | $116.00 | Premier |
| E and M Liquor (2000703) | Initial | $42,300.00 | 0.5% | $211.50 | BPS |
| Era Lake & Mountain Properties (2000603) | Initial | $93,000.00 | 0.5% | $465.00 | BPS |
| Four Seasons Chinese (2000616) | Initial | $16,600.00 | 0.5% | $83.00 | Premier |
| High Sierra Adventure Sports (2000720) | Initial | $21,021.00 | 0.5% | $105.11 | Merchant Advisors |
| John Carter's Place (2000657) | Initial | $18,400.00 | 0.5% | $92.00 | FSB |
| Jones Golf Shop (2000625) | Initial | $4,800.00 | 0.5% | $24.00 | FSB |
| K Nails (2000702) | Initial | $13,965.00 | 0.5% | $69.83 | BPS |
| La Villa Del Pueblo (2000700) | Initial | $20,700.00 | 0.5% | $103.50 | FSB |
| Mackie Automotive, Ltd. (2000594) | Initial | $8,100.00 | 0.5% | $40.50 | BPS |
| Maple Leaf Wine Cellar (2000709) | Initial | $9,900.00 | 0.5% | $49.50 | FSB |
| Mike's Dog House (2000635) | Initial | $10,800.00 | 0.5% | $54.00 | Premier |
| OHM Lounge LLC (2000694) | Initial | $55,500.00 | 0.5% | $277.50 | Merchant Advisors |
| The Creamery (2000716) | Initial | $70,600.00 | 0.5% | $353.00 | Merchant Advisors |
| Valley Gas (2000717) | Initial | $80,900.00 | 0.5% | $404.50 | Merchant Advisors |



7316 Wisconsin Avenue, Suite
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

# Commission Report

Statement Period
12/01/2006 to 12/31/2006

**Name** Mark Gorge

**Total Commission** $1,404.36

| Account | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|
| Alderson Press (2000751) | Initial | $13,500.00 | 0.5% | $67.50 | BPS |
| ASSPG INC (2000840) | Initial | $17,493.00 | 0.5% | $87.47 | BPS |
| BROGY'S (2000825) | Initial | $24,940.00 | 0.5% | $124.70 | FSB |
| Floors 4 Less (2000801) | Initial | $42,976.00 | 0.5% | $214.88 | BPS |
| Graffiti Town (2000780) | Initial | $10,437.00 | 0.5% | $52.19 | Merchant Advisors |
| L and A Fitness Services (2000855) | Initial | $8,567.... | 0.5% | $42.84 | Merchant Advisors |
| My Page Limited (2000405) | Residual | $1,260.20 | 2% | $25.20 | Mark Gorge |
| Ojeda's Restaurant (2000787) | Initial | $88,200.00 | 0.5% | $441.00 | FSB |
| Peace Frogs (2000838) | Initial | $9,700.00 | 0.5% | $48.50 | Merchant Advisors |
| Quik Drop (2000831) | Initial | $21,021.00 | 0.5% | $105.11 | Merchant Advisors |
| Suzie Skin Care (2000554) | Residual | $2,728.65 | 2% | $54.58 | Mark Gorge |
| Wagon Wheel Steak House (2000819) | Initial | $28,077.00 | 0.5% | $140.39 | Merchant Advisors |

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04



7316 Wisconsin Avenue, Suite
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

# Commission Report

Statement Period
1/01/2007 to 1/31/2007

**Name**  Mark Gorge

**Total Commission**     $5,901.69

| Account | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|
| Affiliate Strategies (2000920) | Initial | $28,077.00 | 0.5% | $140.39 | Ed Puerto |
| ANDY ON CALL (2000955) | Initial | $62,622.00 | 0.5% | $313.11 | Ed Puerto |
| Final Smoke (2000949) | Initial | $51,153.00 | 0.5% | $255.77 | Ed Puerto |
| FIRST AUTO CARE (2000899) | Initial | $36,975.00 | 0.5% | $184.88 | Ed Puerto |
| FLOORSCAPES DESIGN CENTER (2000902) | Initial | $39,396.00 | 0.5% | $196.98 | Ed Puerto |
| GAME EXCHANGE (2000980) | Initial | $18,669.00 | 0.5% | $93.35 | Ed Puerto |
| GINGERBREAD KIDS DAYCARE INC (2000923) | Initial | $9,849.00 | 0.5% | $49.25 | Ed Puerto |
| HIGH DEFINITION TEES (2000967) | Initial | $39,102.00 | 0.5% | $195.51 | Ed Puerto |
| Jack's Country Junction (2000849) | Initial | $22,050.00 | 0.5% | $110.25 | Ed Puerto |
| Jersey Executive Limo (2000901) | Initial | $29,700.00 | 0.5% | $148.50 | Ed Puerto |
| JO'S HONDA SUSHI (2000911) | Initial | $35,133.00 | 0.5% | $175.67 | Ed Puerto |
| Labbe Glass (2000867) | Initial | $41,888.00 | 0.5% | $209.44 | Ed Puerto |
| MELRICH PHARMACY- (2000935) | Initial | $15,435.00 | 0.5% | $77.18 | Ed Puerto |
| MILAN IMPORT CENTER (2000966) | Initial | $35,133.00 | 0.5% | $175.67 | Ed Puerto |
| My Page Limited (2000405) | Residual | $1,386.14 | 2% | $27.71 | Mark Gorge |
| NORCAL PAINT & SUPPLY (2000969) | Initial | $17,952.00 | 0.5% | $89.76 | Ed Puerto |
| Pizza Nosh (2000877) | Initial | $8,379.00 | 0.5% | $41.90 | Ed Puerto |
| RJW Enterprises/Game X Change (2000948) | Initial | $14,847.00 | 0.5% | $74.24 | Ed Puerto |
| Samdesh Publications (2000954) | Initial | $14,847.00 | 0.5% | $74.24 | Ed Puerto |
| SUNG SHIM (2000951) | Initial | $21,021.00 | 0.5% | $105.11 | Ed Puerto |
| THE COUNTRY STORE (2000963) | Initial | $156,555.00 | 0.5% | $782.78 | Ed Puerto |
| TV Authority (2000910) | Initial | $476,000.00 | 0.5% | $2,380.00 | Ed Puerto |



7316 Wisconsin Avenue, Suite
Bethesda, MD 20814
(877) GO-RAPID (240) 514-2000
www.rapidadvance.com

# Commission Report

Statement Period
1/01/2007 to 1/31/2007

**Name** Mark Gorge

**Total Commission**   $5,901.69

| Account | Type | Trans. Amount | % | Commission | Sales Rep |
|---|---|---|---|---|---|
| Affiliate Strategies (2000920) | Initial | $28,077.00 | 0.5% | $140.39 | Ed Puerto |
| ANDY ON CALL (2000955) | Initial | $62,622.5 | 0.5% | $313.11 | Ed Puerto |
| Final Smoke (2000949) | Initial | $51,153.00 | 0.5% | $255.77 | Ed Puerto |
| FIRST AUTO CARE (2000899) | Initial | $36,975.00 | 0.5% | $184.88 | Ed Puerto |
| FLOORSCAPES DESIGN CENTER (2000902) | Initial | $39,396.00 | 0.5% | $196.98 | Ed Puerto |
| GAME EXCHANGE (2000980) | Initial | $18,669.00 | 0.5% | $93.35 | Ed Puerto |
| GINGERBREAD KIDS DAYCARE INC (2000923) | Initial | $9,849.00 | 0.5% | $49.25 | Ed Puerto |
| HIGH DEFINITION TEES (2000967) | Initial | $39,102.00 | 0.5% | $195.51 | Ed Puerto |
| Jack's Country Junction (2000849) | Initial | $22,050.00 | 0.5% | $110.25 | Ed Puerto |
| Jersey Executive Limo (2000901) | Initial | $29,700.00 | 0.5% | $148.50 | Ed Puerto |
| JO'S HONDA SUSHI (2000911) | Initial | $35,133.00 | 0.5% | $175.67 | Ed Puerto |
| Labbe Glass (2000867) | Initial | $41,888.00 | 0.5% | $209.44 | Ed Puerto |
| MELRICH PHARMACY- (2000935) | Initial | $15,435.00 | 0.5% | $77.18 | Ed Puerto |
| MILAN IMPORT CENTER (2000966) | Initial | $35,133.00 | 0.5% | $175.67 | Ed Puerto |
| My Page Limited (2000405) | Residual | $1,386.14 | 2% | $27.71 | Mark Gorge |
| NORCAL PAINT & SUPPLY (2000969) | Initial | $17,952.00 | 0.5% | $89.76 | Ed Puerto |
| Pizza Nosh (2000877) | Initial | $8,379.00 | 0.5% | $41.90 | Ed Puerto |
| RJW Enterprises/Game X Change (2000948) | Initial | $14,847.00 | 0.5% | $74.24 | Ed Puerto |
| Samdesh Publications (2000954) | Initial | $14,847.00 | 0.5% | $74.24 | Ed Puerto |
| SUNG SHIM (2000951) | Initial | $21,021.00 | 0.5% | $105.11 | Ed Puerto |
| THE COUNTRY STORE (2000963) | Initial | $156,555.00 | 0.5% | $782.78 | Ed Puerto |
| TV Authority (2000910) | Initial | $476,000.00 | 0.5% | $2,380.00 | Ed Puerto |

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 5

CONFIDENTIAL



EXHIBIT
Brown Depo
EX 26
2-16-10 mm

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

| | |
|---|---|
| **From:** | RFGFinanceCo@aol.com |
| **Sent:** | Thursday, January 25, 2007 1:31 PM |
| **To:** | Jeremy Brown <jbrown@rapidadvance.com> |
| **Subject:** | Re: future opportunity |

Jeremy-

I am looking over all avenues for what I want to continue to do after ARF. I am also weighing the pro's and con's to our deal as a potential employee salary status or keeping it as is under our contract of 1% RTR. Obviously, if the channels I bring/brought continue to do well, the override contract might be the best avenue to continue vs doing a salary/employment opportunity. This month, the overides have exceeded $13K. That's already $156,000 per year if it continued with a similar RTR each month RTR for the next 11 months but we know this is going to get much much larger. The downside to a commission only plan is if BPS and MA walked away tomorrow and didn't send Rapid anymore deals. However, I don't see that happening with the constant contact/relationship we all have with these guys and working together to come up with creative solutions if issues arise.

I guess the bottom line is I need a little more time to see how the relationship/fundings develops with the new platforms coming out with BPS/MA and other new ISOs to get a good landscape of what might develop here. Let's continue our current deal/agreement for now and see how things go. I think your deal with Mark Gorge however may need to be revisited as he does not have the ISO relationships I am bringing in and to make 1/2% RTR for any/every ISO deal I bring in doesn't make much sense. I like the guy but that's a crazy deal. I think for him what other companies would do is pay an overide for 3-6 months as a thank you.

Maybe if you give me an outline of a base salary/commission plan/benefits that may be available as an employee, I can review. I always do the Ben Franklin practice to review all Pro's/Con's.

Thoughts.

Edward

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 6

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Gorge v Rapid Advance

# *JEREMY BROWN*

**Full-size Transcript**

**Prepared by:**

asd
Nitzkin

Thursday, March 04, 2010

13

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

1    A    Okay.  Um, what I was trying to ascertain with

2    respect to your question you asked about the legal entity

3    Rapid Advance, LLC or the business that operates as Rapid

4    Advance.  So, I am no longer employed by Rapid Advance, LLC,

5    but I do work for a company that does business as "Rapid

6    Advance."

7    Q    I see. Maybe we should start with that then. Who

8    is or who was Rapid Advance, LLC?

9    A    Rapid Advance, LLC was a company that did

10   business as Rapid Advance and sold the business to a new

11   entity, to new investors, or sold the assets I should say in

12   a transactions that was completed in early January of 2010.

13   Q    What's the name of that new company?

14   A    Rapid Financial Services, LLC and they do

15   business as "Rapid Advance."

16   Q    Can I ask you to turn off your phone?

17   A    Sure.

18   Q    Thank you.  So prior to January, 2010, you were

19   an employee of Rapid Advance, LLC, correct?

20   A    Correct.

21   Q    And now you're an employee or are you an

22   employee Rapid Financial Services?

JEREMY BROWN

14

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

1      A      LLC, yes.

2      Q      Do you operate in the same position as you did

3   with Rapid Advance, LLC?

4      A      I was President and COO of Rapid Advance, LLC.

5   I am CEO of Rapid Financial Services.

6      Q      Let's talk about Rapid Advance, LLC.  When was

7   it formed?

8      A      To the best of my recollection late summer of

9   2005.

10     Q      Who formed it?

11     A      Um, let's see.  The founding shareholder was Lee

12  Jundanian.

13     Q      Spell his last name.

14     A      I think J-U-N-D-A-N-I-A-N.

15     Q      And why was this business formed?

16     A      To engage in the business of merchant cash

17  advances.

18     Q      Now I understand that at some point Rapid

19  purchased future credit card receivables of merchants. Was

20  that its original business model?

21     A      Yes.

22     Q      Were you ever a shareholder of Rapid Advance,

JEREMY BROWN

90

1    be that updated list?

2         A    Yes.

3         Q    Have you seen another list after March 10, 2008,

4    which is the fax date on Exhibit 5?

5         A    No.

6         Q    Okay.  Is Mr. Puerto still producing income for

7    RA or it's successor today?

8         A    Yes.

9         Q    Did the successor also take over the SMA

10   agreement which is Exhibit 2?

11        A    I don't know the answer to that question.

12        Q    Fair enough.  Is the successor entity, Rapid

13   Financial Services, paying commissions to Mr. Puerto today?

14        A    Yes.

15        Q    Are they paying commissions to Mr. Puerto in

16   accordance with Exhibit 2 which is the Sales and Marketing

17   Agreement?

18        A    I believe so.

19        Q    Are you aware of any other amendments to the

20   Sales and Marketing Agreement other than the one that we

21   just discussed which is Exhibit 4?

22        A    No.

JEREMY BROWN

91

1                    WHEREUPON, Marketing Agreement was

2              marked as Brown Deposition Exhibit Number 6

3              for purposes of identification.

4        Q      Page 20, Exhibit 6, this document is entitled,

5    "The Marketing Agreement", is it not?

6        A      Yes.

7        Q      There's another contract between Mr. Puerto and

8    Rapid Advance, is it not?

9        A      Yes.

10       Q      And this is -- this contract addresses all sales

11   that Mr. Puerto makes directly to Rapid Advance, correct?

12       A      Correct.

13       Q      Drawing your attention to paragraph one

14   entitled, "Marketing Obligations."  Is Mr. Puerto performing

15   services pursuant to this agreement today?

16       A      Yes.

17       Q      Is he being compensated under this agreement

18   today?

19       A      Yes.

20       Q      He's being compensated by the successor Rapid

21   Financial Services, correct?

22       A      Yes.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

107

1    it was an advance against a true up, if you will, at some

2    point down the road of what would really be owed or not owed

3    to Mark.

4         Q    Kind of like a draw against a commission.

5         A    That's not a bad analogy, yes. [BRIEFLY OFF THE

6    RECORD] [BACK ON THE RECORD]

7              WHEREUPON, e-mail was marked as Brown

8              Deposition Exhibit Number 26 for purposes of

9              identification

10        Q    Drawing your attention to Exhibit 26.  This is

11   an e-mail from Mr. Puerto to you, dated January 25, 2007, do

12   you see that?

13        A    Yes.

14        Q    In this e-mail, Mr. Puerto, in this second

15   paragraph, last couple sentences, states, "I think your deal

16   with Mark Gorge, however, may need to be revisited, as he

17   does not have the ISO relationships I'm bringing and" - "to

18   make a half percent RTR" - what's RTR?

19        A    That's another industry term that means right to

20   receive, equivalent to the specified amount.

21        Q    Okay.  "for any, every ISO deal I bring, it

22   doesn't make much sense.  I think" - "I like the guy, but

JEREMY BROWN

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

108

1    that's a crazy deal.  I think for him, what other companies

2    would do is pay him override for three to six months as a

3    thank you."  Do you remember receiving this e-mail?

4         A    Yes.

5         Q    At this time, did you think the contract you had

6    with Mark Gorge in Exhibit 1 was a crazy deal?

7         A    These are Ed's words.

8         Q    I know.  Did you think they were - it was a

9    crazy deal?

10        A    I was starting to question, and this is what Ed

11   is specifically referring to, how do we deal with the fact

12   that The University Bank product was not - was not being as

13   successful as we had expected.  And what Ed is referring to

14   is that he wants to expand our agreement to other ISO's that

15   would not use The University Bank product, and he doesn't

16   want to be locked into a situation where there's an

17   expectation and a dispute with Mark over commissions.

18        Q    Was Mark's commission override interfering with

19   Ed's ability to do business with other ISO's?

20        A    He perceived that it could b-- it could - it

21   could be.  Ed d-- Ed did.  Ed perceived that it could have.

22        Q    Was, in fact, Mark's commission override from

JEREMY BROWN

109

1    Rapid Advance interfering with Ed's ability to do other

2    business with Rapid or refer other ISO's?

3        A    I can't speak to that.

4        Q    Did ever - how did Ed get the impression that

5    Mark's commission override was interfering then with his

6    ability to do business with Rapid Advance?

7        A    Because even with The University Bank product,

8    the - there's only so much that we could pay in total

9    commissions, and the commissions we were finding, we had to

10   pay to bring these ISO's to work with us through Ed were

11   higher than what Ed initially indicated was the market.  So

12   by the time you add in Ed's override and then Mark's

13   override for The University Bank platform, there were deals

14   we couldn't do.

15                      WHEREUPON, e-mail was marked as

16                      Brown Deposition Exhibit Number 27 for

17                      purposes of identification

18       Q    Okay.  Drawing your attention to Exhibit 27,

19   this is an e-mail between Mr. Puerto - actually it's a e-

20   mail string, but the top is e-mail from Barry Davis to you,

21   is it not?

22       A    Yes.

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 9

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

**Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street ▓ Baltimore, MD 21201   (2007 vw5.1)

---

**Main Menu** | **Security Interest Filings (UCC)** | **Business Entity Information (Charter/Personal Property)** **New Search** | **Rate Stabilization Notices** | **Get Forms** | **Certificate of Status** | **SDAT Home**

**Taxpayer Services Division**

**Entity Name: RAPID FINANCIAL SERVICES, LLC**
~~Dept ID #: Z13368113~~

---

**General Information    Amendments    Personal Property    Certificate of Status**

| | |
|---|---|
| **Principal Office (Current):** | C/O THE COMPANY CORPORATION 2711 CENTERVILLE ROAD, SUITE 400 WILMINGTON, DE 19808 |
| **Resident Agent (Current):** | THE CORPORATION TRUST INCORPORATED 351 WEST CAMDEN STREET BALTIMORE, MD 21201 |
| **Status:** | ACTIVE |
| **Good Standing:** | Yes |
| **Business Code:** | Other |
| **Date of Formation or Registration:** | 01/04/2010 |
| **State of Formation:** | DE |
| **Stock/Nonstock:** | N/A |
| **Close/Not Close:** | Unknown |

---

**Link Definition**

| | |
|---|---|
| **General Information** | General Information about this entity |
| **Amendments** | Original and subsequent documents filed |
| **Personal Property** | Personal Property Return Filing Information and Property Assessments |
| **Certificate of Status** | Get a Certificate of Good Standing for this entity |

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04

# Exhibit 10

F. le) under Sent

# CONFIDENTIAL

Exhibit A

Contracted ISO's

1-Business Payment Systems/Outside Ventures LLC (Sam Chanin, Sam Greenwald) –

2-Howie Dane-FSB

3-Fidelity Funding & Investments (Mercer Smith)

4-Emerge Business Financial (Ben Webster)

5-Card Payement Services Inc- (Sam Caine)

6-Dream Financial Group (Henry Murphy)

7-Premier Business Funding (Craig Lebarron)

8-Chett Stein

9-Food and Beverage Financing (Sam Conforti)

10-Merchant Advisors (Ken Reilly/Bill Harovas)

11-Capital Bankcard (Jerry Kadish)

12-Cambridge Merchant Capital Group (Aaron Alonzo)

13-First National Card Services- (Joe Harris)

14-Jeff Pierce

15-Summit Funding (Steven Brier)

16-Acceleron Group (Jeff Pappas)

17- Dr. Merchant Business Services (Chuck Williams)

RapidAdvance ( Signature)                    Edward Puerto (Signature)

TOTAL P.001

RA000024

Received for Filing Oakland County Clerk 2010 MAR 17 PM 02:04